FERRY *v.* ALOMAR ET AL.

APPEAL from the District Court of Guayama.

No. 410.—Decided December 10, 1909.

DEMURRER—NO CAUSE OF ACTION—SUFFICIENCY OF COMPLAINT.—A demurrer can-
not be successfully filed on the ground that plaintiff has no cause of action
to recover where it is set forth in the complaint that A sold .to B, by public
deed, a property illegally possessed by C, and at the same time assigned his
rights to recover damages from C for the illegal possession of the property.

ID.—SALE OF REAL PROPERTY—DELIVERY OF THE THING SOLD.—In accordance with
the provisions of section 1365, 1366 and 1367 of the Revised Civil Code, the
delivery of a thing which is the object of a contract may be made in different
ways, and the thing that gives legal life to the act of delivery is essentially
the determination of the parties to deliver and receive respectively the thing
which is the object of the contract.

ID.—DELIVERY OF THING SOLD.—In accordance with the provisions of section 1365
of the Revised Civil Code, when a sale is made by public deed, in the absence
of an agreement to the contrary, the execution of the deed is equivalent to
the delivery of the thing sold.

ID.—SYMBOLICAL DELIVERY OF THING SOLD.—The clause contained in the deed of
acquisition of the property involved in this litigation, whereby the plaintiff
acquired the rights of the vendor to recover damages from the defendants on
account of the illegal possession of the property, clearly shows an intention to
deliver the thing sold to the purchaser and therefore there was a symbolical
delivery thereof, and the purchaser has the right to prosecute an action for
recovery against the holder and possessor.

ID.—The case of *Bartolomey v. Cardy et al.*, decided July 18, 1901, 2 P. R. Rep.,
78, is not applicable to the case at bar.

ID.—EXCEPTION TO ORDER BY VIRTUE OF LAW.—An order sustaining a demurrer to the complaint may be reviewed on appeal from a final judgment in the same manner as if it appeared in the bill of exceptions, because it is considered to have been excepted to by virtue of law.

The facts are stated in the opinion.

Messrs. *López, Tord & Canales and Eduardo Acuña* for appellant.

Messrs. *Julio M. Padilla and José Tous Soto* for respondents.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

A complaint was filed in the District Court of Guayama, which complaint, being short and of importance in the decision of this case, is hereby transcribed in full. It reads as follows:

"Emilio Ferry y Gruber, through his attorneys, Tord, Toro & Canales, filed this complaint against Pedro Gaspar Alomar y Famania, alleging:

"First. That the plaintiff, Emilio Ferry y Gruber, is the owner in full ownership of an estate described as follows: A rural estate situated in the *barrio* of Felicia, in the municipal district of Santa Isabel, consisting of 41 *cuerdas* of land, equivalent to 16 hectares, 11 ares and 7 centiares, bounded on the north by property belonging to the Estate of José Alomar; on the south by property belonging to Asunción Rodríguez, María Jaimán and Carlos Cabrera; on the east by the estate of Pedro Juan Capó, and on the west by the road to the Coamo baths. The plaintiff acquired said estate by purchase from its owner, Herminia Cortés y Bartoli, under deed executed before F. Manuel Toro, a notary of Ponce, on October 28, 1907, which is recorded in the registry of property. By said deed Herminia Cortés assigned and transferred to the plaintiff her right to recover damages and rents and products on account of the illegal possession of said estate on the part of the Alomar brothers.

"Second. That at the beginning of the year 1900 the defendant, Pedro Alomar, and the other defendant, Gaspar Alomar, took possession of the said estate against the will of its owner, without any right whatsoever, and they have been possessing and enjoying the usufruct thereof, causing the owner loss and damages in the sum of $1,000.

"Third. That the property described is devoted to the cultivation of sugar-cane, for which reason we estimate the value of the rents and products therefrom at the sum of $2,000 per annum.

"For all of which reasons we pray the court that it render judgment in due time sustaining the complaint and consequently adjudging the defendants, Pedro and Gaspar Alomar y Famania: (1) To deliver to the plaintiff the estate described in the first statement of fact of the complaint; (2) To pay the said plaintiff the sum of $1,000 as damages; and (3) To pay the said plaintiff the sum of $16,000, the value of the rents and products derived from the estate during the time they improperly possessed it, and to pay the costs of the proceedings. Tord, Toro and Canales, Attorneys for the Plaintiff."

The defendants demurred on a number of grounds, including the allegation that the complaint did not state facts sufficient to constitute a cause of action either for the recovery of ownership or possession, or for the recovery of damages and rents and profits on the estate in litigation.

On March 10, 1909, the court sustained only the last two grounds of demurrer.

As the plaintiff did not amend the complaint in due time, the defendants prayed for final judgment in their favor, and judgment was so rendered on March 15, 1909, dismissing the complaint with all the petitions therein contained, and taxing the costs against the plaintiff.

The plaintiff appealed from said judgment.

The parties, through their attorneys, filed briefs and made their respective oral arguments at the hearings.

The judge maintains in his order and it is also the opinion of the respondents, that "it may be clearly deduced from the complaint on its face that there was no delivery of the thing sold, because in the deed which serves as a basis for the contract of purchase and sale between Herminia Cortés and the plaintiff, the venditrix had assigned and conveyed the right which she had to claim damages and rents and produce on account of the illegal possession of the estate on the part of the Alomar Brothers," and the judge adds, "that a contract of purchase and sale was entered into between Herminia Cortés and the plaintiff which was binding upon them; but delivery not having been made, the contract is not sufficient to

permit the purchaser to bring an action for the recovery thereof, nor to claim damages and rents and profits, because the purchaser could not acquire the possession of a thing which the venditrix could not deliver to him.''

Let us consider section 1365 of the Revised Civil Code, which is the key with which to solve this problem. The relevant portion thereof provides as follows:

''When the sale should be made by means of a public instrument the execution thereof shall be equivalent to the delivery of the thing which is the object of the contract, if in said instrument the contrary does not appear or may be clearly inferred.''

So that the symbolical delivery which is represented by the execution of the deed of sale, which has a precedent in Law eight, title 30, of *partida* three, is excepted only when it appears therefrom or it may be clearly inferred that it was not the intention of the vendor who is the person obliged to comply with this requirement of the law, to deliver the thing sold.

Sections 1365, 1366 and 1367 of the Revised Civil Code, enumerate the different modes in which a thing may be delivered. It may be inferred from all of them that what gives legal life to the act of the delivery is essentially the determination of the will of the parties to deliver and receive respectively. When the thing is placed in the power and possession of the purchaser; when a symbol is employed whose normal and ordinary symbolism consists in supporting the delivery; when there is an express agreement on this point, or when knowing the value which the law gives to the execution of the instrument, such instrument is executed without any reservations or restrictions, it must be assumed that there was an intention to make delivery and that the thing was delivered. In brief, what is involved is the interpretation of an act which presupposes a specific state of the mind.

In the same manner as any of these modes may not constitute delivery when it is shown that was no intention of de-

livering, if any act takes place not comprised in the actions to which we have referred, but is accompanied by the evident purpose on the part of the vendor to deliver and of the purchaser to receive, the delivery must be understood to have been made by virtue of that mere act. If the element of the will is essential, what must be proved is that the latter existed, in one manner or another.

See José Ma. Manresa y Navarro, volume 10, pp. 124 and 125, where he comments on articles 1462, 1463 and 1464 of the Spanish Civil Code, which are the exact equivalents of the sections we have quoted of our Code in force which treat of the same matter.

Let us see now whether the case under consideration shows the evident purpose on the part of the venditrix to deliver the thing and on the part of the vendee to receive it. Let us see whether the deed of sale contains any circumstance adverse to the delivery or whether on the contrary it contains anything which normally and ordinarily construed will permit of the assumption of the delivery.

The venditrix, Herminia Cortés y Bartoli, in the same deed in which she conveys the ownership of the estate to Emilio Ferry y Gruber, assigned and transferred to him any rights she might have to recover damages and rents and products on account of the *illegal possession* of said estate on the part of the Alomar brothers.

This assignment and transfer constitutes an act which presupposes a determination on the part of the venditrix to deliver the estate sold. It may be clearly inferred that such was her intention.

If the deed of sale had not contained the clause of the assignment and transfer and had also omitted the reference to the illegal possession of the Alomar brothers, there is no doubt that the execution would in itself have constituted the symbolic delivery of the estate sold, according to section 1365 of the Civil Code referred to, and, consequently, this question would not have been raised.

But does this clause reveal that the estate sold was not delivered, or that it was not desired to deliver it? In no way whatsoever. The venditrix conveyed the ownership recorded in her favor in the registry of property, and in assigning or seizing by strangers, according to her allegation, it was her intention to deliver the thing, subrogating the vendee in all the rights and actions which she had, namely, her right of action against the holder and possessor of the thing for the recovery thereof. (Sec. 354 of the Civil Code.)

So that instead of anything adverse to the delivery of the thing sold being found or to be deduced from the deed, the purpose, the intention of delivering it may be found and deduced which purpose or intention we must respect in cases like this one.

The trial judge and the respondents insistently cite in support of that opinion the case of *Alejandro Bartolomy* v. *Pedro de Cardy and Tomás Olivari,* decided by this Supreme Court on July 18, 1901. (Vol. 1, p. 169, Reports of Porto Rico, compiled by Antonio Castro.)

But in said deed of sale of growing products, the vendor and vendee expressly agreed that the coffee gathered was to be delivered at the residence of Bartolomy.

It is evident that in said case the execution of the deed could not be considered as the symbolical delivery, because it was to be clearly deduced therefrom that the delivery had been postponed to the future and in a specifically determined place.

Therefore, there is no identity or analogy even with this case, in which the deed does not contain anything adverse to the delivery, but on the contrary shows the spontaneous will on the part of the venditrix to make the delivery and on the part of the vendee to receive it.

In this case we have an order sustaining certain grounds of demurrer and as an appeal was taken from the final judgment and as all these matters appear of record and in the judgment roll, said order may be reviewed in this appeal as

if it were contained in the bill of exceptions, because it is considered excepted to by virtue of law, in accordance with section 213 of the Code of Civil Procedure.

For the reasons stated, the judgment of March 15,1909, should be reversed, and the district court should overrule the demurrer referred to in this opinion, without any special taxation of costs; and it is ordered that the judge proceed in accordance with the law with reference to the prosecution of this litigation.

                                                              *Reversed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.